T.C. Summary Opinion 2006-18


UNITED STATES TAX COURT


TONY G. AND ROBERTA A. MONTGOMERY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  3564-04S.              Filed February 6, 2006.


Tony G. Montgomery, pro se.

Michael W. Bitner, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue. This case is decided without regard to the burden of proof.  In some instances, sec. 7491 shifts the burden of proof to respondent.  Since this case involves only a question of law, sec. 7491 is not applicable here.

Respondent determined a deficiency of $1,586 in petitioners' Federal income tax for the year 2001.

The sole issue for decision is whether Social Security benefits received by Tony G. Montgomery (petitioner) during 2001 are includable in gross income under section 86(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Marion, Illinois.

Petitioner was a career employee of The Kroger Co. (Kroger), a nationwide super market chain, having worked for Kroger for 28 years. He was employed in a managerial capacity overseeing approximately 80 Kroger stores in southern Indiana and southern Illinois. His duties required visiting each store to make sure that the merchandising policies of the company were being followed. In effect, he served as a liaison between the individual stores and the company headquarters.

Petitioner was seriously injured during the course of his employment sometime during 1990. While he was at a store at Mercury, Illinois, in connection with a remodeling of the store, a customer accidentally rammed him with a shopping cart. The accident, as it turned out, caused petitioner to suffer serious spinal injuries. Although petitioner initially was not disabled, and he continued working, he did so with pain, which, over

several years, progressed in intensity. He had several back surgeries and, finally, was unable to work. He was retired for disability in May 1999.

During his career with Kroger, petitioner availed himself of purchasing disability insurance that would pay benefits to employees injured or otherwise disabled in connection with their employment. Petitioner's condition warranted benefits under this insurance. Upon his retirement, petitioner began receiving these benefits. The parties agree that these benefits were not includable in petitioner's gross income. Petitioner also received workman's compensation benefits, which are not at issue in this case. Under the terms of the insurance policy at issue here, the benefits terminated whenever the employee became entitled to Social Security benefits.

Under the terms of the employer-sponsored insurance, petitioner received benefits from the date of his retirement from 1999 up to the year 2001. The terms of that policy, however, required the employee-beneficiary to apply for disability Social Security benefits, and, if the employee were found eligible for disability Social Security, the benefits of the employer-sponsored insurance would cease.

As required, petitioner applied for disability Social Security benefits, and he was determined to be totally and permanently disabled. The issue in this case involves the

disability Social Security benefits petitioner received during 2001. Petitioner's position is that the disability Social Security benefits are not includable in his income because these benefits are merely a continuance of the employer-sponsored insurance benefit and, since those latter benefits are not taxable, that exempt characteristic extends or carries over to the disability Social Security benefits. Petitioner did not include these benefits as income on his 2001 Federal income tax return. Of the $41,685 in Social Security benefits he received during 2001, respondent determined that $9,511 of these benefits, pursuant to section 86(a), was includable in income.

Prior to 1984, certain payments made in lieu of wages to an employee who was retired by reason of permanent and total disability were excludable from the employee's gross income under section 105(d). However, the Social Security Act Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 87, repealed the limited exclusion of disability payments provided by section 105(d), effective with respect to taxable years beginning after 1983. Since 1984, Social Security disability benefits have been treated in the same manner as other Social Security benefits. Sec. 86(d)(1).[2] These benefits are subject to tax under the

_____

[2]Sec. 86(d)(1) defines "Social Security benefit" as any amount received by reason of entitlement to a monthly benefit under title II of the Social Security Act, which includes
(continued...)

provisions of section 86.  <u>Maki v. Commissioner</u>, T.C. Memo. 1996-209; see <u>Ernzen v. United States</u>, 875 F.2d 228 (9th Cir. 1989); <u>Wallers v. United States</u>, 847 F.2d 1279 (7th Cir. 1988).

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code.  Moreover, section 86(a), for the year at issue, provides that gross income includes Social Security benefits in an amount equal to a prescribed formula therein provided.  Petitioner has not challenged the computation by respondent under this formula.

The Court rejects petitioner's contention that disability Social Security benefits constitute accident or health insurance under section 104(a)(3), or that the Social Security benefits come under the "umbrella" of the tax-exempt benefits he was receiving from the employer-sponsored insurance.  The repeal by Congress of former section 105(d), which specifically provided for the exclusion from income of certain disability benefits and the enactment of section 86, with the section 86(d)(1)(A) provision that the term "Social Security benefits" includes benefits received under title II of the Social Security Act (which includes disability Social Security benefits), indicates quite clearly to the Court that Congress did not intend that

---

[2](...continued)
disability insurance benefit payments.

disability Social Security benefits could be construed as an accident or health plan under section 104(a)(3), or that disability Social Security benefits are otherwise excludable from gross income. The Court, therefore, rejects petitioner's contention on this issue. Respondent is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.